EL PUEBLO, DEMANDANTE Y APELADO, *v.* QUIÑONES ET AL., ACUSADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Humacao en causa por infracción del artículo 358 del Código Penal.

No. 889.—Resuelto en febrero 8, 1916.

ALTERACIÓN DE LA PAZ PÚBLICA—MEETING PÚBLICO—CONGREGACIÓN LÍCITA—PRESUNCIÓN—DEFENSA.—En una denuncia en que se alega la perturbación de un *meeting* público no es necesario expresar que las personas reunidas constituían una congregación lícita, pues existe esa presunción mientras no se demuestre lo contrario. Es una cuestión de defensa.

ID.—OBJETO DEL ARTÍCULO 358 DEL CÓDIGO PENAL—ASAMBLEAS O REUNIONES LÍCITAS.—El objeto del artículo 358 del Código Penal es claramente proteger las asambleas o reuniones lícitas, sin que en el presente caso sea necesario alegar o probar que la reunión tuvo lugar dentro de un edificio o local, aun cuando tal alegación o prueba fuera necesaria para los casos a que se refiere la primera parte de dicho artículo.

ID.—PREGUNTAS SUGESTIVAS—DISCRECIÓN JUDICIAL—ABUSO DE DISCRECIÓN.—El permitir una corte, en la vista de un caso por alteración de la paz pública en que son varios los acusados, que el fiscal pregunte a un testigo si conoce a los acusados, expresando sus nombres a los efectos de identificarlos, si bien es una pregunta sugestiva, como esa es una cuestión que descansa en la sana discreción de la corte, la sentencia no debe ser revocada por ese fundamento a menos que se demuestre un abuso manifiesto de discreción, o prejuicio.

TÉSTIGOS—CREDIBILIDAD DE LOS TESTIGOS.—Una corte tiene derecho a dar crédito a un solo testigo.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. Francisco González y Carlos Travecier.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

En este caso se alegó que la denuncia por virtud de la cual fueron declarados culpables los acusados era insuficiente. Los apelantes sostienen en su alegato que en una denuncia en la que se alega la perturbación de un mítin público debe expresarse el hecho de. que es una congregación lícita. Creemos que cualquier asamblea se presume que es lícita mientras no se demuestre lo contrario y que esa es la intención del legislador, aparece del texto inglés del artículo 358 del Código Penal bajo el cual se formuló la denuncia. Dicho artículo dice *"or any other purpose not unlawful,"* y el uso· de la negativa denota que la alegación de una asamblea ilícita sería una cuestión. de defensa. Expresa, sin embargo, la denuncia, que era una reunión de un partido y por tanto es *prima facie* legítima.

También se ataca la denuncia como insuficiente por el fundamento de que no expresa que había una congregación de personas, sino solamente que los acusados perturbaron la paz de varias personas. Refiere la denuncia que los acusados voluntaria y maliciosamente molestaron a varias personas pertenecientes al partido "Unión de Puerto Rico" de Gurabo, que celebraban en la plaza de Gurabo una reunión o mítin las que tuvieron que disolver la reunión, lo cual era una descripción suficiente de la perturbación del mítin.

Durante la vista ante este tribunal alegaron los apelantes que la. sentencia debía ser revocada por no haberse demostrado que el mítin tuviera lugar en algún edificio. El Artículo 358 prescribe lo siguiente:

"Art. 358.—Todo el que voluntariamente perturbare o molestare cualquiera congregación de personas reunidas para dedicarse al culto

religioso, u otro objeto lícito, con ruidos, palabras profanas, conducta grosera o indecorosa, innecesario alboroto, bien dentro del local en que se celebra el acto, o tan cerca que perturbare el orden y solemnidad de la reunión; o que sin autoridad perturbare o dispersare cualquiera asamblea o reunión de carácter legítimo, incurrirá en *misdemeanor*."

De acuerdo con las palabras "y toda persona que sin autoridad perturbare o dispersare cualquiera asamblea o reunión de carácter legítimo, incurrirá en *misdemeanor*," la alegación o prueba de que la reunión tiene lugar en un local resulta innecesaria, aun cuando fuera necesaria para la primera parte del artículo. El objeto de todo el artículo es claramente proteger las reuniones lícitas.

Los apelantes pasan entonces a alegar que la corte cometió error en permitir que el Fiscal hiciera a varios testigos la siguiente pregunta: "¿Ud. conoce a los acusados Ramón Quiñones, Jr., Eduardo Collazo, Matías González, * * *?" nombrándolos a todos o a casi todos. La objeción en particular fué que la pregunta era sugestiva y que debió haberse hecho decir al testigo a quién vió. En una acusación por alterar la paz, acto realizado por un número de individuos que forman una multitud es importante que se haga que los testigos identifiquen a cada individuo y la pregunta fué por tanto sugestiva. El permitir que se haga una pregunta sugestiva, es una cuestión que descansa en la sana discreción de la corte sentenciadora y debemos proceder con cautela antes de revocar una sentencia, a menos que notemos un abuso manifiesto de discreción.

Aparece de los autos que el primer testigo del Fiscal declaró que conocía a todos los acusados y no consta que fué interrogado en forma sugestiva. Al ser preguntado el segundo testigo si conocía a tres de los acusados (que eran unos veinte o más los que fueron juzgados) manifestó que conocía a algunos de ellos. Este testigo no fué dirigido a dar contestaciones específicas en perjuicio de los acusados. Al tercer testigo se le preguntó si conocía a los acusados y contestó

que los conocía.   Era un testigo inteligente.   No se demostró que los testigos hubieran sido separados durante el juicio y además este último testigo solamente declaró que algunos de los acusados tomaron parte en la perturbación, identificándolos, tanto en el interrogatorio directo como en el examen de repreguntas.   Semejantes consideraciones son de aplicación al cuarto testigo.

El juicio tuvo lugar ante el tribunal de derecho; los acusados eran numerosos y la pregunta a lo sumo dió lugar a que un testigo del pueblo de Gurabo dijera que conocía a todas las personas mencionadas.   No vemos que haya habido abuso de discreción o prejuicio.

También alegan los apelantes que solamente tres de los acusados fueron identificados y que se solicitó de la corte inferior la absolución perentoria de los otros.   Existió la prueba de más de un testigo tendente a inculpar a todos los acusados de la perturbación, pero la corte tenía el derecho de dar crédito a uno solo de dichos testigos.   Dos de los testigos identificaron a todos los acusados.

Debe confirmarse la sentencia.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. del Toro no intervino en la resolución de este caso.